UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                     CASE NUMBER: 04-80335
                                                   Hon. Victoria. A. Roberts

v.

REGINALD DANCY (D-2),

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO AMEND PRESENTENCE INVESTIGATION REPORT

**I.    INTRODUCTION**

This matter is before the Court on Defendant Reginald Dancy's Motion to Amend Presentence Investigation Report (Doc. 364). Defendant requests that the Presentence Investigation Report (PSI) be amended to delete "unknown" and insert either "not charged" or "case closed" as the disposition for all arrests listed in the other arrests section of the PSI. For the reasons that follow, Defendant's motion is **DENIED**.

**II.    BACKGROUND**

On May 31, 2005, Defendant pleaded guilty to conspiracy to distribute marijuana and conspiracy to launder money. Based upon Defendant's guilty plea and conviction, on January 4, 2006, the Court sentenced him to a term of 262 months imprisonment, to be followed by a 60 month term of supervised release.

In a letter to the Probation Department dated October 11, 2005, Defendant objected to the other arrests section of his PSI as "not accurate or reliable," and

1

because "[t]here is no indication that the probation officer looked at each and every case filed listed herein." The other arrests section of the PSI lists 21 other arrests, 19 of which have a disposition of "unknown." The Probation Department responded that the records were obtained from the Detroit Police Department during a review of the Defendant's arrest file. Probation stood by the PSI as written.

At the sentencing hearing, Defendant asked the Court to reserve ruling on certain objections to the PSI until after sentencing, including his objection to the other arrests section. The relevant part of the transcript reads:

> **The Court**: Counsel, have all the objections been resolved?
>
> **Mr. Early**: No, Your Honor, and I do have a suggestion . . . . the remaining items maybe the Court could hold them in abeyance because they do not directly effect sentencing, so that should there be a need to raise it in the future, because it might effect Mr. Dancy's confinement in some matter, that we be allowed to do it at that point and time.
>
> **The Court**: Okay.
>
> **Mr. Early**: And the Court can make a decision then and just put them in abeyance now.
>
> **The Court**: Okay. . . .
>
> Tr. at 2-3.

The Court sentenced Defendant without resolving his objections to the other arrests section of the PSI.

On March 9, 2012, Defendant filed the present motion to amend or correct the

2

PSI. He says the listed dispositions of unknown for the other arrests are having a direct effect on his security classification and eligibility for various prison programs and prison placement. He says that all of the cases with unknown disposition are matters where he was either not charged in court with the offense, or the case was dropped. He says there are no convictions on record for any of these offenses and no warrants outstanding.

### III. ANALYSIS

The Court must decide whether it has jurisdiction to hear a motion to amend a presentence report brought six years after the conclusion of sentencing.

The Government maintains that the Court does not have jurisdiction to substantively consider Defendant's motion. It says that Defendant's presumption that he could have this Court decide his objections after sentencing was wrong, and that he must deal with the consequences, however unfortunate, of not pursuing his objections at the sentencing hearing.

Defendant does not cite a rule or statute authorizing the Court to amend a PSI after sentencing. Presumably, Defendant brings his motion under Fed. R. Crim. P. 32, governing sentence and judgment. Rule 32(i)(1)(3)(B) states that, at sentencing, the court "must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."

The Court did not rule at sentencing on Defendant's objections to the other arrests section of the PSI because Defendant suggested that the Court could rule later.

3

It appears, however, that Defendant erred when he assumed the Court could rule upon his objections after sentencing. Courts uniformly hold that once the district court imposes sentence, it lacks jurisdiction under Rule 32 to hear challenges to a presentence report. *See United States v. Sarduy*, 838 F.2d 157(6th Cir. 1988) ("We hold that Fed. R. Crim. P. 32, standing alone, does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence for a Rule 32 violation") (quoting *United States v. Fischer*, 821 F.2d 557 (11th Cir. 1987)); *see also United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) (Criminal Rule 32 provides no independent foundation for a postsentence motion to correct a PSI report . . . ."); *United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir. 1989) ("Rule 32 allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.") (citation omitted); *United States v. Ursillo*, 786 F.2d 66, 69 (2d Cir. 1986) ("We have found no reported case in which a court held that Rule 32 standing alone furnished the jurisdictional basis for a belated post-sentencing attack on the accuracy of a presentence report.")

Nor is the Court persuaded by Defendant's argument that it can rule on his objections now because it agreed at the sentencing hearing to hold the objections in abeyance. First, the Court could not have contemplated at the time that Defendant would wait six years before attempting to get a ruling on his objections. There is a reason Rule 32 requires a ruling at the time of sentencing, as explained in one district court opinion: "This requirement serves the double purpose of requiring the judge to resolve the dispute in his own mind before he imposes sentence and of requiring the judge to resolve the dispute while the matter is still fresh in mind." *United States v.*

4

*Williams*, 618 F.Supp. 1419, 1420 (E.D. Vir. 1985). However, because Defendant erred when he assumed the Court could exercise jurisdiction over his objections after sentencing, the Court would not have been able to grant the relief requested even absent such a long delay.

Apparently realizing that Rule 32 cannot provide a path to the relief requested, Defendant argues for the first time in his reply brief that Rule 36 provides a basis for relief. Rule 36 allows a court to correct at any time "a clerical error in a judgment, order, or other part of the record arising from oversight or omission." Defendant argues that "any oversight or omission in not ruling on Defendant's objections or in failing to make a determination that a ruling is unnecessary as required by Rule 32(i)(3)(B) should now be corrected pursuant to Rule 36."

Defendant is asking the Court to rule on substantive objections to the PSI. This is not a clerical task that would fall under the ambit of Rule 36. In *United States v. Sherbondy*, 97 F.3d 1463 (9th Cir. 1996) (unpublished), relied on by Defendant, the Ninth Circuit remanded to the district court so that it could append, pursuant to Rule 36, its factual findings to the PSI if it had inadvertently failed to do so previously. The Ninth Circuit did not hold that the district court could make new substantive findings on objections, as Defendant asks this Court to do. Rule 36 contemplates "correction of ministerial errors," *Id.*, not making new substantive rulings. Accordingly, Defendant cannot use Rule 36 as a basis for jurisdiction.

## IV. CONCLUSION

Defendant says the element of fairness plays a large role in deciding this motion. It is unfortunate that Defendant may be suffering negative consequences as a result of

his failure to pursue certain objections at sentencing. However, where, as here, the Court lacks subject matter jurisdiction, it is powerless to enter relief. Defendant's motion is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 1, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 1, 2012.

S/Linda Vertriest
Deputy Clerk